IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA DOLAN AND | : | |
| MICHAEL DOLAN, W/H | : | |
| 308 Tyson Avenue | : | |
| Glenside, PA   19038 | : | |
| | : | |
| vs. | : | CIVIL ACTION |
| | : | |
| THE UNITED STATES | : | NO. |
| POSTAL SERVICE | : | |
| 475 L'Enfant Plaza SW | : | |
| Washington, DC   20260 | : | |
| and | : | |
| UNITED STATES OF AMERICA | : | |
| Department of Justice | : | |
| Room 5111 | : | |
| 10th & Constitution Avenue NW | : | |
| Washington, DC   20530 | : | |

# COMPLAINT

**COUNT I - JURISDICTION**

1. Jurisdiction is founded under the Federal Tort Claims Act, 28 U.S.C. Section 1346(b).

    (a) Defendant, the United States Postal Service, is a federal agency governed by the laws and statutes of the United States of America.

    (b) The matter in controversy does exceed, exclusive of interest and costs, the sum of One Hundred Thousand ($100,000.00) Dollars.

    (c) On April 18, 2002, not more than six (6) months prior to the filing of this action, the claims set forth herein were denied by the United States Postal Service.

**COUNT II - PARTIES**

2. Plaintiff is a citizen of the Commonwealth of Pennsylvania, an adult individual residing at the above captioned address.

3. Defendant, United States Postal Service, is a federal government agency maintaining a principle place of business at the above captioned address.

1. Defendant, United States of America, is the federal government and maintains principle offices at the above-captioned address.

2. At all times material hereto, defendant, the United States Postal Service, by and through its agents, servants, workmen, employees and/or other representatives, acted on behalf of defendant, United States of America, and with the full knowledge, consent and authority of defendant, United States of America.

6. At all times material hereto, the Defendants acted and/or failed to act by and through their agents, servants, workpersons and/or employees, who acted within the course of their employment and within the scope of their authority with said Defendants.

7.  On or about August 25, 2001, Plaintiff, Barbara Dolan, was lawfully and properly on the premises of 308 Tyson Avenue, Glenside, Pennsylvania when she was caused to slip, trip, stumble and/or fall by reason of a dangerous and hazardous condition created by defendant on the porch of the aforesaid property at that time and for some time prior thereto and which consisted of improperly placed letters, packages, and/or periodicals by the agent, servant, workmen and/or employee of defendant, United States Postal Service, which resulted in plaintiff's severe and permanent injuries, hereinafter more fully set forth.

8.  The carelessness, recklessness and negligence of the Defendants consisted of the following:

> (a)  Failing to properly inspect the said porch and the adjacent area;
>
> (b)  Failing to correct the negligent or hazardous condition which they were aware or should have been aware;
>
> (c)  Failing to warn pedestrians of the negligent or hazardous condition of the said porch at the point where the plaintiff fell;
>
> (d)  Failing to maintain the porch in a condition which would protect and safeguard persons lawfully upon the premises and prevent them from falling.
>
> (e)  Allowing and permitting the aforesaid negligent condition to remain on the aforesaid porch so as to constitute a menace, danger, nuisance or trap to persons lawfully upon the said premises.
>
> (f)  Creating a hazardous condition and failing to warn the Plaintiff of said condition.

  (g) Otherwise failing to exercise due and proper care under the circumstances.

  (h) Causing and/or permitting a dangerous and hazardous condition to exist which the Defendants knew or should have known developed an unreasonable risk of harm to Plaintiff and other users of the premises;

  (i) Failing to properly and adequately warn the Plaintiff of the aforesaid dangerous and hazardous condition;

  (j) Failing to properly perform their statutory, common law and ordinance duties;

  (k) Causing, allowing and permitting the said hazardous and dangerous condition to exist, so as to constitute a menace, danger, nuisance and trap to persons lawfully on said premises;

  (l) Failing to post and/or erect and/or set out proper and adequate signs, cones, barriers of warning, in, on and about the said premises;

  (m) Failing to properly inspect, maintain and control the said premises;

  (n) Creating and permitting a foreseeable risk of harm;

  (o) Failing to make said premises reasonably safe for its intended purpose.

9. By reason of all the foregoing, Plaintiff, Barbara Dolan, suffered severe and permanent injuries to her body, the bones, muscles, tendons, ligaments, nerves and tissues of her body including, wrists, large right pneumothorax, strain and sprain of

the thoracic spine, strain and sprain of the lumbar spine, C4-5 and C5-6 circumferential disc bulges, L3-4 disc bulging, thoracic discogenic disease at T6-7 and/or T7-8, lumbar discogenic disease. The Plaintiff sustained an aggravation and/or exacerbation of all known and unknown pre-existing medical conditions. Plaintiff suffered internal injuries of an unknown nature, she suffered severe aches, pains, mental anxiety and anguish and a severe shock to her entire nervous system and other injuries, the full extent of which is not yet known.

10.  As a result of the aforesaid occurrence, the Plaintiff has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

11.  As a result of all the foregoing, Plaintiff has been prevented from her usual and daily activities and duties and may be so prevented for an indefinite time in the future, all to her great financial detriment and loss.

12.  As a result of all the foregoing, the Plaintiff has suffered physical pain, mental anguish and humiliation and loss of life's pleasures, and she may continue to suffer

same for an indefinite time in the future.

WHEREFORE, Plaintiff, Barbara Dolan, demands damages permitted by law against the Defendants, individually, jointly and severally, in a sum in excess of One Hundred Thousand Dollars ($100,000.00) together with costs and disbursements of this action and delay damages.

**COUNT III - CONSORTIUM**

13.   Plaintiffs incorporate hereby by reference paragraphs 1 through 12, inclusive, and set forth the same as though said paragraphs were herein provided in full.

14.   At all times material hereto, Michael Dolan, plaintiff, was and is the husband of plaintiff, Barbara Dolan, and was and is entitled to the services, companionship, support, assistance, society, comfort, happiness and consortium of Barbara Dolan, plaintiff.

15.   As a direct and proximate result of the aforementioned incident and the injuries sustained by Barbara Dolan, plaintiff, Michael Dolan has been deprived of the services, companionship, support, assistance, society, comfort, happiness and consortium of Barbara Dolan, his wife, and such deprivation and impairment will and/or may continue into the future, all to his great detriment and loss.

16.   As a direct and proximate result of the aforementioned incident and the injuries sustained by

Barbara Dolan, plaintiff, Michael Dolan has been and/or may be compelled to expend monies for medical aide, and/or medical treatment or modalities or medicine for his wife.

17. As a direct and proximate result of the aforementioned incident and the injuries sustained by Barbara Dolan, plaintiff, Michael Dolan has suffered and/or continues to suffer from the plaintiff-wife's loss of earnings and/or earning capacity and/or may in the future suffer from her loss of earnings and/or earning capacity.

WHEREFORE, Plaintiff, Michael Dolan, demands damages permitted by law against the Defendants, individually, jointly and severally, in a sum in excess of One Hundred Thousand Dollars ($100,000.00) together with costs and disbursements of this action and delay damages.

Respectfully submitted,

**LAW OFFICE OF JAMES R. RADMORE, P.C.**

BY: _____
**JAMES R. RADMORE, ESQUIRE
Two Penn Center, Suite 312
1500 JFK Boulevard
Philadelphia, PA   19102
215 568 9900
ID#: 36649
Attorney for Plaintiff(s)**

## **CERTIFICATION**

JAMES R. RADMORE, ESQUIRE, certifies that there are no other actions or arbitrations pending or contemplated involving the subject matter of this controversy at this time, and there are no additional known parties who should be joined to this present action at this time.  I certify the foregoing to be true.  I am aware that if the above is willfully false, I am subject to punishment.

 

                                                    _____
                                                    JAMES R. RADMORE, ESQUIRE
                                                    Attorney for Plaintiff